Susan Ely, Maine Bar # 005087
Natural Resources Council of Maine
3 Wade Street
Augusta, ME 04330
Tel: 207-430-0175
Email: sely@nrcm.org

Kevin Cassidy, MA Bar # 681301
(Application for admission *pro hac vice* forthcoming)
Earthrise Law Center
P.O. Box 445
Norwell, MA 02061
Tel: 781-659-1696
Email: cassidy@lclark.edu

*Plaintiff's Attorneys*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **SIERRA CLUB,** | |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| **UNITED STATES DEPARTMENT OF ENERGY,** an agency of the United States of America, | **Civil Action No.:** _____ |
| Defendant. | |

## INTRODUCTION

1. This action is based on violations of the Freedom of Information Act ("FOIA" or "the Act"). 5 U.S.C. § 552. It challenges the unlawful failure of the Defendant, the United States Department of Energy ("DOE"), to respond to Sierra Club's FOIA requests within the time and in the manner required by FOIA. DOE has failed to provide determinations regarding records responsive to Sierra Club's FOIA requests and is unlawfully withholding records responsive to

Sierra Club's FOIA requests, one of which has been pending for more than eight months, since January 10, 2020.

2. The purpose of FOIA is "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, 89th Cong., 1st Sess., 3 (1965). "[D]isclosure, not secrecy, is the dominant objective of the Act." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). FOIA therefore requires federal agencies to disclose records to any person upon request unless the information falls within one of nine narrow disclosure exemptions listed in the Act. *See* 5 U.S.C. § 552(a)(3)(A), (b); *see also Rose*, 425 U.S. at 361 ("These exemptions are explicitly made exclusive … and must be narrowly construed.") (internal citation and quotation marks excluded). Except in unusual circumstances, federal agencies must determine within 20 business days whether requested records are exempt from disclosure and, if they are not, the agency must "promptly disclose" the records to the requester. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. §§ (a)(3)(A), (a)(6)(C)(i).

3. On January 10, 2020, Sierra Club, through its counsel, submitted a FOIA request to DOE via DOE's electronic FOIA request form (hereinafter "the January 2020 Request"). The January 2020 Request sought "[a]ny and all documents related to or addressing the application by the Central Maine Power Company to the Department of Energy ("DOE") for a Presidential Permit to construct, operate, maintain, and connect an electric transmission line across the United States border with Canada. *See* 82 Fed. Reg. 45,013 (Sept. 27, 2017) ("CMP Transmission Project"). This request includes, but is not limited to: (1) Any and all documents and communications between DOE and any other state or federal agency, any elected official, or with Canada officials related to the CMP Transmission Project; (2) Any and all documents and communications between DOE and CMP and any other private companies involved in the CMP Transmission

Project; (3) Any and all documents related to or addressing impacts to species listed under the Endangered Species Act associated with the CMP Transmission Project; (4) Any and all documents related to analyses of greenhouse gas emission impacts associated with the CMP Transmission Project; and (5) Any and all documents related to or addressing impacts to wetlands and other waters of the United States associated with the CMP Transmission Project."

4.     Sierra Club submitted its FOIA request, in part, so that it could effectively and fully participate in the ongoing public process, including public comments, related to the CMP Transmission Project. DOE shares jurisdiction over the project with the U.S. Army Corps of Engineers ("Corps"), and CMP must obtain a Presidential Permit from DOE in order to move forward. As part of the Presidential Permit process, DOE must, pursuant to the National Environmental Policy Act ("NEPA"), analyze the environmental impacts of the CMP Transmission Project, which Sierra Club has reason to believe DOE is doing via an Environmental Assessment. DOE has stated that it intends to release its Environmental Assessment for public comment for a 30-day period.

5.     Despite several attempts from Sierra Club, through its counsel, to ascertain the status of the January 2020 Request over several months, DOE did not produce any responsive records until July 28, 2020, when it produced 135 pages of records. DOE has informed Sierra Club that the July 28th production constitutes less than ten percent of DOE records responsive to Sierra Club's request.

6.     Given the length of time that had passed since Sierra Club's January 2020 Request, Sierra Club submitted a follow-up request on July 30, 2020, requesting the same categories and types of records ("the July 2020 Request"). DOE has not provided any records pursuant to the July 2020 Request.

7. DOE violated FOIA in several ways. First, DOE has failed to make determinations regarding Sierra Club's FOIA requests within the deadline period required by FOIA. Second, DOE has improperly withheld, and is continuing to improperly withhold, records responsive to Sierra Club's FOIA requests. Third, DOE has failed to provide Sierra Club with estimated dates on which DOE would complete action on Sierra Club's requests. Fourth, DOE has failed to estimate the volume of records it is withholding pursuant to FOIA exemptions for Sierra Club's FOIA requests. Each of these failures on the part of DOE violates FOIA.

8. In this case, DOE has missed every applicable FOIA deadline. The records are critically important to the Sierra Club to engage in future public participation opportunities on CMP's Presidential Permit application. Moreover, the requested records are highly relevant to Sierra Club's ongoing public education and outreach efforts regarding impacts to Maine's western mountains region from CMP's Transmission Project.

9. DOE is improperly withholding from disclosure responsive records sought by Sierra Club, records to which Sierra Club is legally entitled. DOE has violated numerous FOIA mandates by failing to provide determinations on Sierra Club's FOIA requests within the time and manner required by law. Accordingly, Sierra Club seeks a declaration from this Court that DOE has violated FOIA. Sierra Club also seeks an injunction from this Court that directs DOE to promptly provide Sierra Club with the requested records.

**JURISDICTION, VENUE AND BASIS FOR RELIEF**

10. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

11. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), and assignment in

this district is proper because Plaintiff Sierra Club resides in this district and has its principal place of business at 565 Congress Street, #206b, Portland, Maine 04101.

12. Declaratory relief is appropriate under 28 U.S.C. § 2201.

13. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

14. The Maine Chapter of the Sierra Club is a volunteer-run, grassroots organization representing approximately 24,000 members and supporters who care deeply about Maine's natural environment. The Maine Chapter works to protect Maine's wilderness heritage, fight global warming, safeguard Maine's clean water, and promote clean air and energy efficiency, among other efforts to protect Maine's environment and natural resources.

15. Sierra Club seeks information in order to contribute to the public's understanding of DOE's and the Corps' operations and activities related to the permitting and authorization of the CMP Transmission Project. Sierra Club also seeks information in order to participate fully in the anticipated 30-day comment period on DOE's Environmental Assessment related to CMP's Presidential Permit application.

16. Defendant DOE is an agency of the executive branch of the United States government, it is in possession and control of the records sought by Sierra Club, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

17. FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a federal agency that receives a FOIA request to determine whether the requested records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within twenty business days. 5 U.S.C. § 552(a)(6)(A)(i). If the agency makes any adverse determination regarding a request, the agency must also communicate to the requester

that it has a right to appeal that determination. 5 U.S.C. § 552(a)(6)(A)(i). If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(C)(i).

18. FOIA also mandates that a federal agency that has received a request for records must inform the requester of "the date on which the agency originally received the request[,]" and "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B).

19. FOIA provides only limited circumstances under which a federal agency may take longer than 20 business days to make a determination. First, the agency may toll the 20 business-day deadline for up to ten additional business days while the agency is waiting for the information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I). Second, the agency may also toll the 20 business-day deadline for up to ten additional business days if it needs to clarify with the requester any issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(II). Additionally, if the agency faces "unusual circumstances," the agency may extend the 20 business-day deadline if the agency sets "forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). No extension will exceed ten business days unless the agency provides written notice to the requester explaining the "unusual circumstances" requiring an extension, establishes the date on which the agency expects to make the determination, and gives the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Under FOIA, "unusual circumstances" are defined as "the need to search for and collect the requested records from field facilities or other

establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or "the need for consultations … with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

20. Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, according to the above provisions, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

21. A U.S. district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C. § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii).

## STATEMENT OF FACTS

### January 10, 2020 FOIA Request

22. On January 10, 2020, Sierra Club requested from DOE the following records:

> Any and all documents related to or addressing the application by the Central Maine Power Company to the Department of Energy ("DOE") for a Presidential

> Permit to construct, operate, maintain, and connect an electric transmission line across the United States border with Canada. *See* 82 Fed. Reg. 45,013 (Sept. 27, 2017) ("CMP Transmission Project").

23. Sierra Club's FOIA request specifically sought, although it was not limited to, the following:

   1. Any and all documents and communications between DOE and any other state or federal agency, any elected official, or with Canada officials related to the CMP Transmission Project;
   2. Any and all documents and communications between DOE and CMP and any other private companies involved in the CMP Transmission Project;
   3. Any and all documents related to or addressing impacts to species listed under the Endangered Species Act associated with the CMP Transmission Project;
   4. Any and all documents related to analyses of greenhouse gas emission impacts associated with the CMP Transmission Project; and
   5. Any and all documents related to or addressing impacts to wetlands and other waters of the United States associated with the CMP Transmission Project.

24. DOE received Sierra Club's FOIA request on January 10, 2020 through its electronic FOIA request system.

25. Via letter dated January 21, 2020, DOE acknowledged receipt of Sierra Club's FOIA request and assigned it control number HQ-2020-00384-F. The letter further granted Sierra Club a fee waiver for the request because "the subject of the request relates to a government activity, and information about the activity could lead to greater understanding by the public about the matter." The letter identified Alexander Morris as the contact person at DOE for questions regarding the request, although the letter only provided a phone number for Mr. Morris and did not provide his email address.

26. The FOIA-mandated 20-business day deadline for responding to the request was February 10, 2020. DOE never requested and Sierra Club never agreed to any extensions of time for DOE to respond to the request. After not receiving any records or further communication

from DOE well past that deadline, on March 30, 2020, Sierra Club, through its counsel, left a voicemail for Mr. Morris requesting a status update on the pending request.

27. After not receiving a response from Mr. Morris, Sierra Club, through its counsel, left Mr. Morris another voicemail on May 7, 2020.

28. After again not receiving a response from Mr. Morris, on May 15, 2020, Sierra Club, through its counsel, emailed another DOE employee, Julie Smith to inquire about the status of the CMP Transmission Project and, as part of that email exchange, Sierra Club's counsel asked about the pending FOIA request. On May 21, 2020, Ms. Smith responded to Sierra Club's counsel that she had left a message with Mr. Morris that Sierra Club was inquiring about the request and sent Sierra Club's counsel two phone numbers for Mr. Morris. Sierra Club's counsel tried both phone numbers and neither of them connected to Mr. Morris's voicemail.

29. After not hearing from Mr. Morris or Ms. Smith, Sierra Club's counsel left a voicemail for another DOE employee, Kathy Ludunge, on June 19, 2020, requesting a status update on the request. Ms. Ludunge had transmitted via email DOE's January 21, 2020 interim response letter. Sierra Club's counsel also emailed Melissa Pauley, another DOE employee involved in the CMP Transmission Project, and eventually spoke with her about the project and the pending FOIA request.

30. On July 9, 2020, Sierra Club's counsel received an email from Ms. Ludunge that provided a limited status update on the January 2020 Request. The email noted the delays DOE had been experiencing as a result of COVID-19 and that a large set of documents was received from DOE's Office of Electricity. However, Ms. Pauley had informed Sierra Club's counsel that the FOIA office received those documents from Office of Electricity shortly after the original request in January. Ms. Ludunge's letter noted that although the documents had been

substantially sorted and processed, DOE was only then beginning the review phase. Additionally, the email informed that Sierra Club would be provided with partial responses to help speed up production. The email did not provide an estimated determination date and simply stated that Sierra Club would be notified when the office was done with the primary review of the first batch of documents.

31. In a July 21, 2020 letter, Sierra Club, through its counsel, informed DOE that it was in violation of FOIA for several reasons, which the letter set forth. Sierra Club notified DOE that, despite its ongoing FOIA violations, Sierra Club was not going to begin litigation at that time, but that a prompt response to the request was necessary "given the time sensitive nature of the matter." Sierra Club further informed DOE of information that it had learned since the original request—that DOE has stated that it intended to release its draft Environmental Assessment for a 30-day public comment period, and that "it is imperative that the Sierra Club has a response to its FOIA request prior to the release of the draft EA so that it can participate fully and effectively in the commenting process."

32. On July 24, 2020, Ms. Ludunge emailed Sierra Club's counsel to say DOE expected to have a response by the end of the following week.

33. In July 29, 2020 letter from Mr. Morris, DOE provided a partial response to Sierra Club's January 2020 Request that consisted of six documents totaling 135 pages. Of the 135 pages, 123 pages consisted of CMP's July 26, 2017 application for the Presidential Permit, which was already publicly available. The letter stated that DOE was continuing to process Sierra Club's request.

34. In a July 31, 2020 email from Ms. Ludunge, DOE stated that it was currently processing the second partial response for an expected production at the end of August. As of the date this

action was filed, Sierra Club has received no further records from DOE other than the 135 pages released pursuant to the July 29, 2020 letter.

35. On August 18, 2020, Sierra Club, through its counsel, emailed DOE seeking details on the expected production at the end of August. Specifically, Sierra Club counsel asked DOE (1) What date exactly was DOE planning to make that production? (2) Whether that production would consist of all of the remaining responsive records? (3) If not, approximately what percentage of remaining responsive documents did DOE expect to produce at the end of August? and (4) If the end of August production will not consist of all of the remaining responsive records, when do you anticipate the next production to occur?

36. On August 21, 2020, Ms. Anjelica Ruda, who identified herself as the project manager of the DOE FOIA Office, emailed Sierra Club's counsel to say DOE expected to make the second production the week of August 31, and that DOE approximated that it would be less than ten percent of the documents responsive to the January 2020 Request.

37. After the week of August 31 passed without a second production, Ms. Ludunge emailed Sierra Club counsel on September 4, 2020, to say DOE was continuing to "actively process" a response but that it was taking longer than expected.

38. On September 24, 2020, Sierra Club counsel received an email from William Mond who identified himself as a new FOIA Analyst at DOE and stated the January 2020 Request had been added to his case load and that DOE was actively working on the request. As of the date this action was filed, Sierra Club has received no further communications from DOE regarding the January 2020 Request.

### July 30, 2020 FOIA Request

39. Given the time that had passed since the January 2020 Request, on July 30, 2020, Sierra Club, through its counsel, submitted a follow-up FOIA request to DOE (the "July 2020 Request"), which requested nearly identical categories and types of records relating to the CMP Transmission Project as the January 2020 Request.

40. In a July 28, 2020 email, DOE informed Sierra Club's counsel that DOE had started its search for records responsive to the January 2020 Request on January 15, 2020, so that was the "cut-off date" for that request. Accordingly, in its July 2020 Request, Sierra Club sought only responsive records that post-dated January 15, 2020, to avoid duplication and to limit the burden on DOE of retrieving and reviewing records.

41. Due to its concern regarding timing and belief that federal permitting decisions for the CMP Transmission Project were imminent, Sierra Club requested an expedited response to its July 2020 Request. DOE regulations provide for expedited responses if "a request is submitted by a person primarily engaged in disseminating information and there is an urgency to inform the public about actual or alleged Federal Government activity." 10 C.F.R. § 1004.5(d)(6).

42. Via letter dated July 31, 2020, DOE acknowledged receipt of Sierra Club's FOIA request and assigned it control number HQ-2020-00993-F. The letter further granted Sierra Club a fee waiver for the request because "the subject of the request relates to a government activity, and information about the activity could lead to greater understanding by the public about the matter" and also because Sierra Club "demonstrated the ability and intent of your organization to disseminate the information to the public." The letter again identified Alexander Morris as the contact person at DOE for questions regarding the request. Finally, the letter denied Sierra Club's request for expedited processing.

43. The FOIA deadline for responding to Sierra Club's July 2020 Request was August 28, 2020.

### DOE's Delay and Failures to Respond to Sierra Club's FOIA Requests

44. As of the date this action was filed, DOE has produced no records other than the 135 pages it produced as its first partial response to the January 2020 Request, which according to DOE constitute less than 10 percent of responsive records for that request. DOE has produced no records in response to the July 2020 Request.

45. DOE has not provided Sierra Club with estimated dates on which DOE will complete action on Sierra Club's requests.

46. In the same time period of DOE's delay, the U.S. Army Corps of Engineers, which is the lead agency for the CMP Transmission Project and therefore likely has more responsive records in its possession than DOE, has responded to four nearly identical FOIA requests from Sierra Club producing thousands of pages of records. Also in the same time period, the U.S. Environmental Protection Agency has responded to two nearly identical FOIA requests from Sierra Club.

47. As of the date this action was filed, the statutory deadlines for DOE to issue timely determinations on Sierra Club's pending FOIA requests have passed.

48. As of the date this action was filed, DOE has not provided final determinations on Sierra Club's FOIA requests.

49. As of the date this action was filed, to the best of the Sierra Club's knowledge, DOE has failed to gather and review all of the documents responsive to Sierra Club's FOIA requests.

50. As of the date this action was filed, DOE has failed to communicate the scope of the documents it intends to produce and withhold for Sierra Club's FOIA requests, and the reasons for withholding any documents.

51. As of the date this action was filed, DOE has failed to inform Sierra Club which responsive records, if any, it believes are exempt under FOIA's narrow exemptions.

52. Because DOE has not issued determinations on Sierra Club's requests, Sierra Club could not file an administrative appeal of any determination, and therefore has constructively exhausted all administrative remedies required by FOIA. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C).

53. Based on the nature of Sierra Club's organizational activities, it will undoubtedly continue to employ the FOIA's provisions in record requests to DOE in the foreseeable future.

54. Unless enjoined and made subject to a declaration of Sierra Club's legal rights by this Court, DOE will continue to violate FOIA and Sierra Club's rights to receive public records under FOIA.

## CAUSES OF ACTION

### CLAIM I

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:
DETERMINATION DEADLINE VIOLATIONS**

55. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

56. Sierra Club has a right to DOE's processing of its FOIA request in a manner that complies with FOIA. FOIA requires DOE to determine within 20 business days after the receipt of Sierra Club's FOIA requests whether to comply with the request, and to immediately notify Sierra Club of DOE's determination and the reasons therefore and the right of Sierra Club to appeal to the head of the DOE any adverse determination.

57. DOE received Sierra Club's first request on January 10, 2020. The twentieth business day following January 10—excepting Saturdays, Sundays, and legal public holidays—was February 10, 2020. As of the date on which Sierra Club filed this action, DOE had produced only 135 pages of records to Sierra Club in response to its FOIA request, which DOE identified as less than ten percent of responsive records.

58. DOE received Sierra Club's second request on July 30, 2020. The twentieth business day following January 10—excepting Saturdays, Sundays, and legal public holidays—was August 28, 2020. As of the date on which Sierra Club filed this action, DOE had produced no records in response to Sierra Club's FOIA request.

59. As of the date on which Sierra Club filed this action, DOE had not claimed any FOIA exemptions for the more than 90 percent of records responsive to Sierra Club's January 2020 request that it has not produced. As of the date on which Sierra Club filed this action, DOE had not claimed any FOIA exemptions in response to Sierra Club's July 2020 Request.

60. As of the date on which Sierra Club filed this action, DOE had violated Sierra Club's rights by unlawfully delaying its response to Sierra Club's January 10, 2020 and July 30, 2020 FOIA requests beyond the determination deadlines imposed by FOIA.

61. Sierra Club is entitled to reasonable costs of litigation and attorneys fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## CLAIM II

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: UNLAWFULLY WITHHOLDING RESPONSIVE RECORDS

62. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

63. DOE is required, upon receipt of a request for records from Sierra Club, to make those

records promptly available to Sierra Club, unless the records may be withheld under one of FOIA's narrow exemptions. 5 U.S.C. §§ 552(a)(3)(A), (b).

64. DOE received Sierra Club's January 10, 2020 request on January 10, 2020, as it was submitted through DOE's on-line FOIA request service. DOE received Sierra Club's July 30, 2020 request on July 30, 2020, as it was submitted to DOE via electronic mail.

65. DOE has produced only 135 pages of records to Sierra Club in response to its January 2020 Request, which DOE identified as less than ten percent of responsive records. DOE has not produced any records to Sierra Club in response to its July 2020 Request.

66. As of the date on which Sierra Club filed this action, DOE had never claimed any exemption in response to Sierra Club's FOIA requests, other than limited exemptions related only to the 135 pages of records produced pursuant to the January 2020 Request.

67. Sierra Club's rights in this regard were violated when DOE failed to produce records responsive to Sierra Club's request promptly after receiving Sierra Club's FOIA requests on January 10, 2020 and July 30, 2020.

68. DOE is improperly and unlawfully withholding from public disclosure information sought by Sierra Club, information to which it is entitled.

69. Sierra Club is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## CLAIM III

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:
FAILURE TO PROVIDE AN ESTIMATED DATE BY WHICH THE AGENCY WILL
COMPLETE ACTION ON THE FOIA REQUESTS**

70. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

71. FOIA requires federal agencies to provide the requester with information about the status

of the agency's response to a request, including an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7)(B)(ii).

72.     As of the date on which Sierra Club filed this action, DOE had failed to provide an estimated date on which DOE would complete action on Sierra Club's FOIA requests.

73.     Sierra Club is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

### CLAIM IV

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### FAILURE TO ESTIMATE THE VOLUME OF REQUESTED DOCUMENTS THAT ARE EXEMPTED

74.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

75.     In response to a FOIA request the Navy is required to make a determination within the 20-day statutory timeframe. One element of that determination is that the agency must "estimate the volume of any requested matter the provision of which is denied." 5 U.S.C. § 552(a)(6)(F).

76.     As of the date on which Sierra Club filed this action, DOE has failed to provide an estimate of the volume of any requested material that is responsive to Sierra Club's FOIA requests but that DOE is withholding.

### REQUESTS FOR RELIEF

WHEREFORE, Sierra Club prays that this Court:

77.     Declare DOE's failure to make timely determinations on Sierra Club's FOIA requests to be unlawful under FOIA;

78.     Declare DOE's failure to promptly provide Sierra Club with records responsive to Sierra Club's FOIA requests to be improper and unlawful under FOIA;

79. Declare DOE's failure to provide Sierra Club with the estimated dates by which DOE would complete action on Sierra Club's FOIA requests, to be unlawful under FOIA;

80. Declare DOE's failure to provide Sierra Club with estimated volumes of records DOE is withholding from production to be unlawful under FOIA;

81. Order DOE in the form of injunctive relief to promptly provide Sierra Club with all of the records responsive to its FOIA requests;

82. Award Sierra Club its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E), or any other applicable law;

83. Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

84. Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted for the Court's consideration, this 16th day of October, 2020.

/s/ Susan Ely

Susan Ely, Maine Bar # 005087
Natural Resources Council of Maine
3 Wade Street
Augusta, ME 04330
Tel: 207-430-0175
Email: sely@nrcm.org

Kevin Cassidy, MA Bar # 681301
(Application for admission *pro hac vice* forthcoming)
Earthrise Law Center
P.O. Box 445
Norwell, MA 02061
Tel: 781-659-1696
Email: cassidy@lclark.edu

*Plaintiff's Attorneys*